IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:23-CR-114 |
| v. | ) | |
| | ) | <u>Count 1</u>: 18 U.S.C. § 1343 |
| RAYAN SHARAF, | ) | (Wire Fraud) |
| a/k/a "FERAS GHOUSHEH" | ) | |
| Defendant. | ) | |
| | ) | **Forfeiture Notice** |

<u>INFORMATION</u>

Count 1

(Wire Fraud)

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times relevant to this Information:

1. Defendant RAYAN SHARAF ("the defendant" or "SHARAF") resided and worked in Centreville, in the Eastern District of Virginia, where he conducted the activity alleged below.

2. SHARAF controlled numerous accounts that were listed under his name and that of his family members, including but not limited to, ADULT FAMILY MEMBER 1.

3. As set forth in greater detail below, the defendant engaged in a scheme to defraud various banks. The defendant's scheme had three steps. First, the defendant moved funds from his individual bank accounts to accounts at cryptocurrency trading platforms. Second, after purchasing cryptocurrency within the trading accounts, Sharaf withdrew the funds to different bank accounts under his control. Finally, the defendant contacted the original bank and claimed

that the original transfer to the trading platform had not been unauthorized, thus fraudulently receiving a refund from the bank.

4. BANK 1, BANK 2, and BANK 3 are federally insured financial institutions as defined in 18 U.S.C. § 20.

*The Scheme to Defraud and Its Manner and Means*

5. Beginning in September and continuing through December 2021, the defendant defrauded BANK 1, BANK 2, and CRYPTOCURRENCY TRADING PLATFORM 1.

6. In September 2021, the defendant opened one account at BANK 1 and two accounts at BANK 2. (The defendant used one of the BANK 2 accounts to fund CRYPTOCURRENCY TRADING PLATFORM 1 and one BANK 2 account to later receive money from CRYPTOCURRENCY TRADING PLATFORM 1). While the defendant was the owner and signatory on all the accounts, he used MINOR FAMILY MEMBER 1's Social Security Number ("SSN") to mask his ownership when applying for each of the accounts.

7. Shortly after opening the accounts at BANK 1 and BANK 2, the defendant opened an account at CRYPTOCURRENCY TRADING PLATFORM 1. While this account was also in his name, he again used MINOR FAMILY MEMBER 1's SSN to mask his ownership.

8. In December 2021, the defendant transferred $45,000 from BANK 1 and $90,000 from BANK 2 to his account at CRYPTOCURRENCY TRADING PLATFORM 1.

9. Afterward, the defendant engaged in a series of cryptocurrency transactions on his account at CRYPTOCURRENCY TRADING PLATFORM 1.

10. In December 2021, the defendant opened an account at BANK 3. While the defendant was the owner and signatory on this account, he used MINOR FAMILY MEMBER 1's SSN to hide his ownership when applying for this account.

11.     In December 2021, the defendant transferred $47,979 from CRYPTOCURRENCY TRADING PLATFORM 1 to BANK 3 and another $59,500 to BANK 2. The defendant then used the assets in BANK 2 and BANK 3 for luxury goods and personal expenses.

12.     Also in December 2021, after emptying his account at CRYPTOCURRENCY TRADING PLATFORM 1, the defendant called BANK 1 and falsely stated that he had not authorized the transfer from BANK 1 to CRYPTOCURRENCY TRADING PLATFORM 1, even though he had. In follow-up calls with BANK 1, Sharaf continued to misrepresent the material fact that he had not authorized the transfers. The defendant knew these representations were false as he had not only directed the transfers but had also subsequently transferred the funds from CRYPTOCURRENCY TRADING PLATFORM 1 to a different bank account that he controlled. The defendant intended to fraudulently induce BANK 1 to issue him a refund. The defendant's false representations caused BANK 1 to refund the defendant approximately $26,091 in December 2021.

13.     Simultaneously, in December 2021, the defendant sent a letter to BANK 2 asserting the material fact that he had not authorized the transfer to CRYPTOCURRENCY TRADING PLATFORM 1. The defendant knew these representations were false as he had not only directed the transfers but also had subsequently transferred the funds from CRYPTOCURRENCY TRADING PLATFORM 1 to a different bank account. The defendant intended to fraudulently induce BANK 2 to issue him a refund. The defendant's false representations caused BANK 2 to refund $90,000 to the defendant in December 2021.

*Execution of the Scheme*

14. For the purpose of executing the aforementioned scheme and artifice to defraud and attempting to execute such scheme, the defendant initiated an interstate wire communication on or about December 2, 2021, while in Centreville, Virginia when he transferred funds from BANK 2 to CRYPTOCURRENCY TRADING PLATFORM 1. Specifically, he caused BANK 2 to update its servers located outside Virginia to reflect the transfer of funds.

**RAYAN SHARAF**,

did knowingly transmit and cause to be transmitted writings, signs, signals, and sounds by means of wire communications in interstate and foreign commerce, to wit: the defendant, using a computer in the Eastern District Virginia, transferred funds online from BANK 2 to CRYPTOCURRENCY TRADING PLATFORM 1, then falsely represented that he did not initiate this transfer, when in truth and in fact, as the defendant well knew then, he did initiate this transfer.

(All in violation of Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE NOTICE

Pursuant to Federal Rule of Criminal Procedure 32.2(a), Defendant RAYAN SHARAF is hereby notified that, if convicted of wire fraud as alleged in Count 1 of this Information, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the violation in Count One.  If any property that is subject to forfeiture is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).  The property subject to forfeiture includes but is not limited to the following: a sum of money equal to at least $305,000 in United States currency, representing the amount of proceeds obtained as a result of the offense in Count One.

(In accordance with Title 18, United States Code, Section 982(a)(2)(A); and Rule 32.2(a), Federal Rules of Criminal Procedure.)


Jessica D. Aber
United States Attorney


By: *Evan Mulbry*
Evan Mulbry
Special Assistant United States Attorney
Russell L. Carlberg
Assistant United States Attorney